## Darby Township v. Collingdale Borough

*William A. Burns*, for plaintiff.
*John V. Diggins*, for defendant.

BRETHERICK, J., September 27, 1950.—This case comes before the court on the application of Darby Township to connect with the sewer system of Collingdale Borough, and is governed by section 2435 of the First Class Township Code of June 24, 1931, P. L. 1206, 53 PS §19092-2435.

Petitioner having presented its petition to the court setting forth the facts and asking for the appointment of three viewers, in order that testimony could be presented to enable the court to determine, in accordance with the purpose of the act, whether the request could be granted without impairing the usefulness of the existing sewer within Collingdale Borough, we allowed a rule to show cause. The hearing on this rule by agreement took place on September 21, 1950.

The testimony adduced by petitioner was not contradicted. H. Gilroy Damon, engineer for Darby Township, acts in like capacity for Collingdale Borough, and his firm performs work for the Suburban Counties Realty Corporation, the owners of the building development for which it is asking Darby Township to provide sewers. This is an unusual case where the skilled and expert testimony comes from one witness in whom all the parties have confidence. Mr. Damon, who is well and favorably known to our entire court, testified that his firm had prepared plans for the houses now being erected for the Suburban Counties Realty Corporation, and that in his opinion the only practical way to discharge the sewage from the land involved is to conduct the same into and through the sewage system of Collingdale Borough.

A councilman and member of a committee for Collingdale Borough testified to the opposition of the entire council to the program. It is to be noted, however, that no official records were produced by the borough, and it called no one to refute or contradict the testimony of Mr. Damon. There are few inter-municipal relationships in which greater coöperation is usually exhibited than in agreements to carry sewage of adjoining municipalities, and this court cannot be affected by opposition to progress or sensible relationship between municipalities without substantial and compelling reasons, which do not here appear. It is the

history of the growth of communities, that cities, townships, towns and boroughs must coöperate in sewage problems common to all. It is difficult to comprehend that the law will tolerate one municipality prohibiting another from using its sewer system. Municipal comity does not function that way. We emphasize, however, that when a municipality desires to connect with another one, the one desiring the connection must accomplish it on fair and equitable terms, and bear its proportionate part of the original cost and maintenance. We give notice to Darby Township that no report of the jury of view will be approved unless full and adequate provisions are made, in the opinion of this court, for the payment by Darby Township of charges properly allocated to it.

We make one further observation: Winter is fast approaching and all builders are endeavoring to conclude their work before freezing weather is at hand. We also take judicial knowledge of the fact that a war situation prevails in this country, and there may be an increased shortage of building materials and government controls over the same. It was stated at the bar of the court that of the 260 houses to be erected, 252 have been sold to former servicemen and but eight to civilians. In the interest of these servicemen we express the hope that Collingdale Borough will permit the connection forthwith and without further delay. Darby Township must pay its proportionate share of the cost, and will have to make arrangements for the amount due by it for upkeep. This should not, however, delay the connection.

In view of the foregoing, we find that the prayer of the petition should be granted and that the sewer connection requested can be made without impairing the usefulness of the existing sewer system within Collingdale Borough.